# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
### ORLANDO DIVISION

**JOHN E. CASABURRO,**

      **Plaintiff,**

**-vs-**                                                                              **Case No. 6:11-cv-2032-Orl-22DAB**

**AT&T (FLORIDA) A/K/A AT&T**
**CORPORATION, DEFENDANTS**
**UNKNOWN,**

      **Defendants.**

_____

## REPORT AND RECOMMENDATION

**TO THE UNITED STATES DISTRICT COURT**

This cause came on for consideration without oral argument on the following motion filed herein:

> **MOTION:** **MOTION FOR LEAVE TO PROCEED IN FORMA PAUPERIS (Doc. No. 2)**
>
> **FILED:** December 21, 2011
> _____
>
> **THEREON** it is **RECOMMENDED** that the motion be **DENIED**.

Upon a party's submission of an affidavit of indigency, any court of the United States may authorize the party to proceed *in forma pauperis*. 28 U.S.C. § 1915(a). Section 1915 grants broad discretion to the district courts in the management of *in forma pauperis* cases. *Clark v. Ga. Pardons and Paroles Bd.*, 915 F.2d 636, 639 (11th Cir. 1990); *Phillips v. Mashburn*, 746 F.2d 782, 785 (11th Cir. 1984). The Court may dismiss the case or refuse to permit it to continue without payment of fees if the Court determines that the action is "frivolous or malicious." 28 U.S.C. § 1915(e)(2). A cause

of action should not be considered frivolous unless it is "without arguable merit." *Sun v. Forrester*, 939 F.2d 924, 925 (11th Cir. 1991), *cert. denied*, 503 U.S. 921 (1992) (*quoting Harris v. Menendez*, 817 F.2d 737, 739 (11th Cir. 1987)). To determine if a plaintiff should be permitted to proceed *in forma pauperis*, a district court must determine "whether there is 'a factual and legal basis . . . for the asserted wrong, however inartfully pleaded.'" *Id.* (*quoting Watson v. Ault*, 525 F.2d 886, 892 (5th Cir. 1976)). Critical to this analysis is a showing that the claim is within the limited jurisdiction of this federal court. *See Cogdell v. Wyeth*, 366 F.3d 1245, 1247-48 (11th Cir. 2004).

"A lawsuit is frivolous if the plaintiff's realistic chances of ultimate success are slight." *Clark,* 915 F.2d at 639 (internal citation omitted). Moreover, the district court may dismiss a complaint under Section 1915 on grounds of frivolousness if an affirmative defense would defeat the action. *Id.* at 640. "When the defense is apparent from the face of the complaint or the court's records, courts need not wait and see if the defense will be asserted in a defensive pleading." *Id.* at 641, fn.2. "Indigence does not create a constitutional right to the expenditure of public funds and the valuable time of the courts in order to prosecute an action which is totally without merit." *Phillips*, 746 F.2d at 785, *citing Collins v. Cundy*, 603 F.2d 825, 828 (10th Cir. 1979).

In evaluating a complaint under Section 1915, a document filed *pro se* is to be liberally construed. *Erickson v. Pardus,* 551 U.S. 89, 127 S.Ct. 2197, 2200, 167 L.Ed 2d 1081 (2007). Nonetheless, as the Supreme Court has noted:

> To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to "state a claim to relief that is plausible on its face." [*Bell Atlantic Corp. v. Twombly*, 550 U.S. 544] at 570, 127 S.Ct. 1955, [167 L.Ed. 2d 929, 2007]. A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. *Id*., at 556, 127 S.Ct. 1955. The plausibility standard is not akin to a "probability requirement," but it asks for more than a sheer possibility that a defendant has acted unlawfully. *Ibid.*

*Ashcroft v. Iqbal*, 556 U.S.662, 129 S.Ct. 1937, 1949, 173 L. Ed. 2d 868 (2009). While Rule 8(a), Federal Rules of Civil Procedure, does not require detailed factual allegations, "it demands more than an unadorned, the defendant unlawfully-harmed-me accusation." *Iqbal*, 129 S.Ct. at 1949. A pleading is insufficient if it offers mere "labels and conclusions" or "a formulaic recitation of the elements of a cause of action." *Bell Atlantic*, 550 U.S. 544, 555.

Applied here, even liberally construed, the Complaint does not meet any of the foregoing standards. According to the Complaint, the *pro se* Plaintiff sues AT&T pursuant to the Americans with Disabilities Act as "my land line with large press buttons, visual display, hand set that accommodates other impairments of Plaintiff has been cut off several times since Plaintiff does not submit to AT&T's gross tactics to overcharge." It is not clear which provision(s) of the ADA Defendant is alleged to have violated by this conduct. Assuming Plaintiff is attempting to state a cause of action pursuant to Title II, which prescribes that "no qualified individual with a disability shall, by reason of such disability, be excluded from participation in or be denied the benefits of the services, programs, or activities of a public entity, or be subjected to discrimination by any such entity" (42 U.S.C.A. § 12132), Plaintiff does not allege sufficient *plausible facts* to state a cognizable claim. Plaintiff does not sufficiently allege that he is a qualified individual with a disability, that Defendant is a "public entity" within the meaning of this Act, nor that AT&T was motivated by this disability when it discriminated against him. Even assuming that Plaintiff is attempting to state a claim under some other section of the Act, Plaintiff has failed to allege any facts to support his implicit contention that a telephone company is obligated under the ADA to provide telephone services to people who do not pay the bill for the services.

In addition to the defective Complaint, the affidavit in support of the motion indicates that Plaintiff has a regular, albeit modest income, and apparently owns real property and other assets

sufficient to disqualify him from pauper status. As there is no cognizable claim stated within the limited jurisdiction of this court, it is respectfully recommended that the motion be **denied** and the Complaint be **dismissed.** As it is possible that the Complaint can be amended to state a cognizable claim, and in view of Plaintiff's modest income, it is further **recommended** that Plaintiff have leave to re-plead, upon the payment of the filing fee in three monthly installments of $118 (first month), $116 (second month) and $116 (third month).

Failure to file written objections to the proposed findings and recommendations contained in this report within fourteen (14) days from the date of its filing shall bar an aggrieved party from attacking the factual findings on appeal.

Recommended in Orlando, Florida on January 4, 2012.

*David A. Baker*
DAVID A. BAKER
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:

Presiding District Judge
Unrepresented Party
Courtroom Deputy