**UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION**

**JOHN E. CASABURRO,**

      **Plaintiff,**

**-vs-**　　　　　　　　　　　　　　　　　　　　　　　**Case No. 6:11-cv-2032-Orl-22DAB**

**AT&T (FLORIDA) A/K/A AT&T
CORPORATION, DEFENDANTS
UNKNOWN,**

      **Defendants.**

_____

## REPORT AND RECOMMENDATION

**TO THE UNITED STATES DISTRICT COURT**

This cause came on for consideration without oral argument on review of the Amended Complaint (Doc. No. 11) filed by the *pro se* Plaintiff. Plaintiff filed his initial Complaint (Doc. No. 1) and moved for leave to proceed *in forma pauperis* (Doc. No. 2). By prior Report (Doc. No. 5), the undersigned found that Plaintiff's Complaint failed to state a cognizable cause of action. The District Court agreed and dismissed the Complaint (Doc. No. 10), providing, however:

> Plaintiff will be given a final opportunity to allege a cognizable claim. If he is able to do so, the Court will permit Plaintiff to pay the filing fee in installments. If he is unable to do so, the amended complaint will be dismissed and this case will be closed. In drafting the amended complaint Plaintiff shall state the specific provisions of the federal statutes he alleges were violated and shall set forth facts to show a violation occurred, and that there is a basis for legal relief. Plaintiff must provide support in the statement of facts for the claimed violations. Plaintiff should consider consulting with Legal Aid or a lawyer referral service for guidance.

(Doc. No. 10).

The District Court ordered Plaintiff to file an Amended Complaint by April 25, 2012, "that remedies the defects noted in the Report and Recommendation." *Id.* The instant Amended Complaint

was timely filed thereafter and purports to be responsive to that Order. For the reasons set forth herein, the Court finds the Amended Complaint fails to state a cognizable cause of action, and **recommends** that it be **dismissed.**

As noted in the prior Report, in evaluating a complaint under 28 U.S.C. § 1915, a document filed *pro se* is to be liberally construed. *Erickson v. Pardus*, 551 U.S. 89,127 S.Ct. 2197, 2200, 167 L.Ed 2d 1081 (2007). Nonetheless, as the Supreme Court has noted:

> To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to "state a claim to relief that is plausible on its face." [Bell Atlantic Corp. v. Twombly, 550 U.S. 544] at 570, 127 S.Ct. 1955, [167 L.Ed. 2d 929, 2007]. A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. Id., at 556, 127 S.Ct. 1955. The plausibility standard is not akin to a "probability requirement," but it asks for more than a sheer possibility that a defendant has acted unlawfully. Ibid.

*Ashcroft v. Iqbal*, 556 U.S.662, 129 S.Ct. 1937, 1949, 173 L. Ed. 2d 868 (2009). While Rule 8(a), Federal Rules of Civil Procedure, does not require detailed factual allegations, "it demands more than an unadorned, the defendant unlawfully-harmed-me accusation." *Iqbal*, 129 S.Ct. at 1949. A pleading is insufficient if it offers mere "labels and conclusions" or "a formulaic recitation of the elements of a cause of action." *Bell Atlantic,* 550 U.S. 544, 555.

Plaintiff was specifically directed by the Court to state the specific provisions of the federal statutes he alleges were violated and set forth facts to show a violation occurred, and that there is a basis for legal relief. Further, Plaintiff was ordered to provide support in the statement of facts for the claimed violations. Instead, Plaintiff "re-alleges 1st complaint in full + incorporates same in Amended Complaint" (Doc. No. 11, p. 2), adding the following:

> A.D.A TITLE IV - Telecommunication's -Sec. 401(a)(1) "any common carrier," (a)(3) "provide ability for individual's," (b)(1) "available to impaired," (b) (2) common carrier, interstate, violation's apply, with remedies, penalties as a "state or local

> government" 47 U.S.C. Sec. 401(a) Title II of Communications Act of 1934, (2)(c) smaller selected vendor's were put out of business.

(Doc. No. 11, pp.1-2). This showing fails to comply with the District Court's Order and the pleading standard.

Title IV of the Americans with Disabilities Act (47 U.S.C. §225) mandates that individuals with hearing and speech disabilities have access to telecommunications relay services ("TRS"), and the Federal Communications Commission is responsible for ensuring TRS is "available, to the extent possible and in the most efficient manner, to hearing-impaired and speech-impaired individuals in the United States." *Id*. at § 225(b)(1), *see, generally, Sorenson Communications, Inc. v. F.C.C.*, 659 F.3d 1035, 1039 (10th Cir. 2011). Plaintiff does not identify how this provision gives him a private cause of action against his telephone service provider to redress what appears to be the wrong alleged (over-billing on phone service).[1] Nor does this dispute appear to be a matter within the FCC's authority under the Act, as evidenced by the letter from the Federal Communications Commission, attached to the Amended Complaint (Doc. No. 11-1 at p. 9) ("The matter you have outlined in your correspondence does not come under the jurisdiction of the FCC.")

To the extent Plaintiff purports to bring an enforcement action pursuant to Title II of Communications Act of 1934, as he cites 47 U.S.C. § 401(a), that section provides jurisdiction "upon application of the Attorney General of the United States at the request of the Commission . . .". Such has not occurred here. Nor can Plaintiff invoke 47 U.S.C. § 401(b), which provides for enforcement of orders of the Commission. This section does not provide for private actions for damages. *See Scripps-Howard Radio, Inc. v. Federal Communications Commission,* 316 U.S. 4, 14, 62 S.Ct. 875, 86 L.Ed. 1229 (1942) ("The Communications Act of 1934 did not create new private rights. The

---

[1] One of the exhibits attached to the Complaint indicates that there is a zero balance in the account (Doc. No. 11-1 at p. 10). Thus, the nature of the complaint is not clear.

-3-

purpose of the Act was to protect the public interest in communications."); *New England Tel. & Tel. Co. v. Public Utilities Comm'n of Maine*, 565 F.Supp. 949, 955-56 (D. Me.1983)) ("In order to insure that the FCC, through its discretion and expertise, will be able to foster beneficial and proper interpretations and applications of the Communications Act, the Act is generally viewed as not having created implied private rights of action, either for damages, or for injunctive relief.") (internal citations and quotation marks omitted).[2]

Even liberally construed, Plaintiff has failed to plead a cognizable cause of action within the limited jurisdiction of the Court. As Plaintiff has not complied with the District Court's direction, it is **respectfully recommended** that the Amended Complaint be **dismissed.**

Failure to file written objections to the proposed findings and recommendations contained in this report within fourteen (14) days from the date of its filing shall bar an aggrieved party from attacking the factual findings on appeal.

Recommended in Orlando, Florida on April 17, 2012.

*David A. Baker*
DAVID A. BAKER
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:

Presiding District Judge
Unrepresented Party
Courtroom Deputy

---

[2] *Cf.* 47 U.S.C. § 207, which is not cited by Plaintiff, but which does provide a private cause of action.